## Case No. 5,317.

### ·The GENERAL McCULLUM.

[S Ben. 437.] 1

District Court. E. D. New York.　May. 1876.

COLLISION AT PIER—STEAMBOAT AND CANAL-BOAT—PLEADINGS AND PROOF.

1. Where a steamboat in coming into her berth at a pier, backed against the canal-boat B. that had just swung her stern out from the pier, holding on by a line at her bow; and, although warned from the canal-boat, pushed her against the stern of another boat, the R. the rudder of which had become unshipped. and a projecting iron thus left exposed pierced the side of the B.: *Held*, that the steamboat was liable for the damages so caused to the canal-boat, the manoeuvre being needless and against warning, and such as the canal-boat was not bound to anticipate and provide against.

2. The defences urged by the steamboat of negligence on the part of the canal-boat were not set up in the answer nor sustained by the proofs.

3. The canal-boat was not in fault for not interposing a fender between her side and the stern of the other canal-boat.

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.

R. D. Benedict and Shipman, Barlow, Laroque & McFarland, for claimants.

BENEDICT, District Judge. This action is brought by the owner of the canal-boat John F. Barker, to recover of the steamboat General McCullum for damages to the canal-boat and her cargo of grain caused by the sinking of the canal-boat on April 13, 1875.

The Barker had been lying at the south side of a pier at the foot of Thirty-Fourth street in the North river, where the steamboat General McCullum was accustomed to lie. Upon the arrival of the General McCullum, on the afternoon of the 13th of April, 1875, the canal-boat swung out from the pier and had placed herself with her bow to the pier and stern out. Another canal-boat, the Roanoke, was then lying parallel with the pier, outside a boat lying alongside the pier and at the inner berth of the pier. some 10 or 20 feet from the starboard side of the Barker.

While the Barker was thus placed, having a line from her bow to the pier and in the act of getting out, the General McCullum was backing into her berth by the action of her propellers, one moving ahead and the other back, having lines out to the pier. As the steamboat thus worked up towards the pier, her stern was placed in contact with the port side of the Barker, and the Barker was pushed towards the bulkhead and against the stern of the canal-boat Roanoke, then lying between her and the bulkhead as before stated. and so injured her that she sank. The immediate cause of the injury to the Barker was the "scag iron" of the Roanoke, which, the rudder having been unshipped, was by the pressure of the steamboat driven through

the side of the Barker. The answer filed on behalf of the General McCullum denies that the Barker was in contact with the McCullum, and avers that the accident arose from the casting off a line which had been run from the canal-boat to the stern of the McCullum, by which casting off of the line the canal-boat was permitted to be driven by the wind and tide upon the stern of the Roanoke. This is the only fault charged upon the canal-boat in the answer, and it is claimed by the answer to have been the sole cause of the accident.

In respect to this defence it is sufficient to say that it is wholly disproved by the claimants' own witness. No casting off of a line had anything to do with the accident, but the same was caused by the act of the General McCullum in pushing the canal-boat upon the stern of the Roanoke.

It has been argued that the canal-boat was in fault for being in the berth belonging to the McCullum, but no such fault is set up in the answer, nor is such fault proved. It has also been contended that the canal-boat was in fault for omitting to keep herself off from the Roanoke by using a fender. This is not stated in the answer as a fault; nor was it a fault which can charge the canal-boat with the loss. The fact is that the steamboat, in spite of warning and without necessity, placed her stern in contact with the side of the Barker and pushed her over to and upon the Roanoke. The master of the canal-boat was not bound to anticipate such a manoeuvre, nor in fault for not being ready to insert a fender between his boat and a boat at some distance on the other side of him. He had a right to presume that the steamboat would at least stop backing when she struck his boat. This is not the case of an injury resulting from an ordinary contact between vessels such as might occur at any time in the crowded slips of New York, but a case of pushing of the canal-boat over and against the other boat, needless on the part of the steamboat, and persisted in after warning given. I think it clear, therefore, that the responsibility for this loss rests upon the steamboat. and a decree will accordingly be entered against her.

[See Case No. 5,318.]